IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:14-CV-21-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DAHMASH'S PERSONAL PROPERTY, ) | ORDER |
| SPECIFICALLY DESCRIBED AS: A ) | |
| 2011 TOYOTA RAV4, VIN: ) | |
| 2T3BF4DV7BW131686; and $11,845.45 ) | |
| IN U.S. CURRENCY; ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the court on claimant's motion to stay, (DE 27), wherein he protests the validity of the underlying criminal action, resulting in the seizure of his motor vehicle and the sum of cash. He protests the withdrawal of retained counsel in this action, as without his consent, and the lack of documentation in his possession with which to fight against the government's attempted seizure. He seeks this court to direct documentation be provided to him by the Clerk of Superior Court of Onslow County, his former counsel, and plaintiff. He seeks between 90 and 180 days upon his receipt of the requested documentation to prepare his case. While not opposing some turnover of documentation, the government opposes in large part claimant's requests and seeks for its own benefit a period of 90 additional days within which to conduct discovery. (DE 31). For reasons set forth below, the court grants in part and denies in part claimant's motion, (DE 27), and grants plaintiff's motion. (DE 31).

DISCUSSION

Claimant essentially complains about the material adverse effect his former attorney's withdrawal has had on his interests. Pursuant to Rule 1.16(d) of the North Carolina Rules of Professional Conduct it is required that:

> Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

Ethics Opinion CPR 3 speaks to the issue of document turnover in the case of the old lawyer turning over file materials to the new one, pertinent also to this situation, where claimant now proceeds on his own:

> Generally, anything in the file which would be helpful to the new lawyer and not necessary for the protection of the discharged lawyer should be turned over. It is impossible to catalogue everything in a file which should be turned over to the client or the new lawyer. Things which clearly should be turned over are papers and other things delivered to the discharged lawyer by the client such as original instruments, correspondence, and cancelled checks. In addition, the discharged lawyer should turn over correspondence generated by him during the period of representation, and replies received by him to such correspondence relating to the representation; instruments submitted to him by his adversary or the adversary's lawyer (if he is not under obligation to return them), instruments he has drawn and which have been submitted by him to his adversary or his adversary's lawyer, completed briefs, or other legal memoranda actually filed and submitted to the Court or which have been completed and are ready for use. Such things are likely to be helpful to the new lawyer in the further handling of the matter, either as evidence or otherwise. The discharged lawyer's notes made for his own future reference and study and similar things not representing a completed work product need not be turned over. It is not improper

> for the discharged lawyer to retain copies of anything that is turned over.

In light of claimant's complaint that he has not received file materials from his former counsel, Walter Hoytt Paramore, III, and with deference to claimant's *pro se* status, the court requests former counsel to file an affidavit with the court attesting to his compliance with the North Carolina Rules of Professional Conduct within 14 days. If any file materials remain to be provided by former counsel to the claimant, these shall be delivered to the claimant not later than 14 days from this date. Copies of all of the filings of record in this action shall be included by former counsel in materials to be delivered, if not already supplied to the claimant.

To the extent claimant is requesting this court order the Clerk of Superior Court of Onslow County to delivered documentation to him, the court declines to enter such order. Claimant can procure state court documentation pursuant to that tribunal's requirements, on his own. Finally, all filings in the case should be among the documentation delivered/to be delivered to claimant within 14 days by former counsel; hence, the court dispenses with duplication of this effort by the plaintiff.

Good cause having been shown, the court extends the discovery period up to and until July 27, 2015. Dispositive motions now are due September 11, 2015.

## CONCLUSION

For the reasons given, the court grants in part and denies in part claimant's motion to stay, also seeking case documentation, (DE 27), and grants plaintiff's motion for an extension of time. (DE 31). Former counsel, Walter Hoytt Paramore, III, is required to file an affidavit with the court attesting to his compliance with the North Carolina Rules of Professional Conduct within 14 days.

3

If any file materials remain to be provided by former counsel to the claimant, these shall be delivered to the claimant not later than 14 days from this date in accordance with this order. The discovery period is extended up to and through July 27, 2015. Dispositive motions are due September 11, 2015. The clerk also shall serve a copy of this order upon Mr. Paramore.

    SO ORDERED, this the 24th day of April, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge