IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-21-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAHMASH'S PERSONAL PROPERTY, )<br>SPECIFICALLY DESCRIBED AS: A )<br>2011 TOYOTA RAV 4, VIN: )<br>2T3BF4DV7BW131686; AND $11,845.45 )<br>IN U.S. CURRENCY, )<br>)<br>Defendants. ) | **ORDER AND<br>MEMORANDUM &<br>RECOMMENDATION** |

This matter is before the court on a motion to dismiss filed by Claimant Mohammed Dahmash [DE #37] and the government's motions to compel discovery [DE #38] and for extension of discovery [DE #39]. These matters were referred to the undersigned pursuant to 28 U.S.C. § 636 for memorandum and recommendation or disposition, as appropriate. For the reasons stated herein, the government's motions are granted and it is recommended that Defendant's motion be denied.

## BACKGROUND

The government initiated this civil forfeiture action on January 24, 2014, by filing a complaint seeking forfeiture of a 2011 Toyota RAV4, and $11,845.45 in currency ("the Defendant Property") seized from Mohammed Ahmed Dahmash ("Claimant"). (Compl. [DE #1] at 1.) The complaint alleges that the Defendant Property "was used or intended to be used in exchange for controlled substances or represents proceeds of trafficking in controlled substances or was used or intended to be used to facilitate a violation of the Controlled Substances Act, 21

U.S.C. §§ 801 *et seq*." (Compl. at 1.) The complaint includes a request by the government that the clerk issue a warrant of arrest *in rem* for the Defendant Property in accordance with Supplemental Rule G(3)(b)(i). Attached to the complaint is the declaration of DEA Special Agent Harold W. Jordan, which includes a detailed recitation of the events leading up to the consensual search of Claimant's place of business by the Jacksonville Police Department and the resulting seizure of the Defendant Property. The declaration alleges the following facts.

On September 20, 2011, detectives with the Jacksonville Police Department conducted an undercover purchase of synthetic cannabinoids known as "spice," at One Stop Shop in Jacksonville, North Carolina. While executing a search warrant for the premises, officers were informed by a store clerk that the owner of One Stop Shop purchased "spice" from Discount Tobacco in Jacksonville, North Carolina. Detectives subsequently drove to Discount Tobacco and, upon entering the store, observed a large amount of "spice" on display for purchase. Detectives made contact with the owner of Discount Tobacco, Mohammed Ahmed Dahmash. Detectives requested and were given written and verbal consent to search the business. The search led to the discovery of smoking devices, scales, grinders, and other drug paraphernalia. Detectives seized over 30,000 grams of "spice" and $11,845.45 U.S. Currency located in the cash register and the business office. Detectives also located a title for a 2011 Toyota RAV4 that had been recently purchased. The vehicle was seized as an asset suspected of having been purchased with proceeds from the sale of controlled substances or, alternatively, having been used to facilitate drug trafficking. Dahmash was arrested and charged under North Carolina law with conspiracy to traffic synthetic cannabinoid; trafficking synthetic cannabinoid; the manufacture, sale, delivery, and possession of controlled substances at child care center; maintaining a dwelling for controlled substances; and possession of drug paraphernalia.

2

Case 7:14-cv-00021-FL   Document 46   Filed 01/05/16   Page 2 of 9

On May 12, 2014, Claimant filed an answer to the government's complaint denying forfeitability and claiming to be an innocent owner of the Defendant Property. Thereafter, Claimant filed the motion presently before the court in which Claimant seeks to dismiss the government's complaint.

## DISCUSSION

Asserting ownership over the Defendant Property, Claimant moves to dismiss this civil forfeiture action. Although his motion is lengthy and often difficult to decipher, it appears Claimant is seeking dismissal pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In other respects, Claimant's motion sounds in tort – requesting damages for malicious prosecution in connection with his state, criminal proceeding – or purports to seek a writ of habeas corpus. As this is a civil, *in rem* action for forfeiture of the Defendant Property, claims arising from Claimant's prosecution and/or confinement are not properly raised in this action and are, therefore, not addressed by the undersigned.

**I.      Motion to Dismiss**

    **a.      Lack of Jurisdiction**

Pursuant to Rule 12(b)(1), a court must dismiss all or part of an action over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Once challenged, the Plaintiff has the burden of proving jurisdiction. *Richmond, Fredricksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). Subject matter jurisdiction over civil asset forfeiture actions is governed by 28 U.S.C. §§ 1345 and 1355(a). Section 1355(a) provides that "[t]he district courts shall have jurisdiction . . . of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any act of Congress." 28

U.S.C. § 1355(a). "A forfeiture action . . . may be brought in . . . the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred." 28 U.S.C. § 1355(b)(1)(A). The government bears the burden to show by a preponderance of the evidence that the property in question is subject to forfeiture. 18 U.S.C. § 983(c)(1). If the government makes the initial showing that the property is properly subject to forfeiture, the burden shifts to the claimant to prove the affirmative defense of innocent ownership by a preponderance of the evidence. 18 U.S.C. § 983(d); *United States v. Munson*, 477 Fed. App'x 57, 65 (4th Cir. 2012).

In the case at bar, the *in rem* forfeiture complaint alleges that the Defendant Property is subject to forfeiture pursuant to 21 U.S.C. §§ 881(a)(4) and (a)(6) as "property which was used or intended to be used in exchange for controlled substances or [which] represents proceeds of trafficking in controlled substances or was used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq*." (Compl. [DE #1] at 1.) Although Claimant was arrested and charged with state law violations, the government has sufficiently alleged that the Defendant Property was obtained or held in violation of an act of Congress. As such, the court has subject matter jurisdiction over this action.

    **b.**    *In Rem* **Jurisdiction**

The government has also established proper *in rem* jurisdiction over the Defendant Property. "A civil proceeding for the forfeiture of property may be prosecuted in any district where such property is found." 28 U.S.C. § 1395(b). Moreover the court has *in rem* jurisdiction over this case because an arrest warrant *in rem* was executed upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(b)(3), and the United States Marshal Service now has custody of the Defendant Property. *See United States v. $60,753 in Funds*

*Seized from Suntrust Bank Account No. Ending in 5635*, No. 1:13-CV-273, 2013 WL 6622902, at *2 (E.D. Va. Dec. 12, 2013).

When both state and federal agencies are involved in the seizure of property, "the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other." *Penn Gen. Cas. Co. v. Pennsylvania ex rel Schnader*, 294 U.S. 189, 195 (1935). The doctrine of "adoptive forfeiture" permits the deferral government or a federal agency to adopt seizures from a local agency for federal forfeiture. *See United States v. Winston-Salem/Forsyth Cnty. Bd. of Ed.*, 902 F.2d 267, 272 (4th Cir. 1990) (recognizing the practice of federal adoption of local seizures). The federal government may exercise *in rem* jurisdiction over property seized through adoptive forfeiture so long as the state court has not initiated *in rem* proceedings proper to the federal forfeiture proceeding. *Penn. Gen. Cas. Co.*, 294 U.S. at 195.

Here, Claimant does not allege that the state court commenced an *in rem* forfeiture action against the Defendant Property. Furthermore, the Defendant Property was physically present within the district of this court, and a warrant was executed in order to bring the Defendant Property before the court. Therefore, this court has *in rem* jurisdiction over the Defendant Property.

    **c.    Failure to State a Claim**

Claimant also argues that the government has failed to provide material facts to support forfeiture of the Defendant Property. As Claimant is proceeding pro se, these arguments are construed by the undersigned as a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

A federal district court confronted with a motion to dismiss for failure to state a claim should view the allegations of the complaint in the light most favorable to the plaintiff. *See*

*Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). The intent of Rule 12(b)(6) is to test the sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion "'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007).

Under Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Actions, a complaint in an asset forfeiture action must:

(a) be verified;

(b) state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue;

(c) describe the property with reasonable particularity;

(d) if the property is tangible, state its location when any seizure occurred and – if different – its location when the action is filed;

(e) identify the statute under which the forfeiture action if brought; and

(f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

Rule G(2) of Supplemental Rules. The government's burden of proof at trial is to prove that the defendant property is subject to forfeiture by a preponderance of the evidence. 18 U.S.C. § 983(c)(1). However, "[n]o complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish forfeitability of the property." 18 U.S.C. 983(a)(3)(D).

Here, the complaint and attached declaration allege sufficient facts that the Defendant Property was involved in drug activity in violation of federal law. DEA Special Agent Jordan's declaration states that Claimant had synthetic marijuana, "spice," displayed for sale in his store, Discount Tobacco, in Jacksonville, North Carolina. (Compl., Ex. 1 [DE #1-1] at 3.) Based upon the statement of a store clerk at One Stop Shop in Jacksonville, there is also reason to believe that Discount Tobacco is the source of synthetic cannabinoids sold at that store. A search of the business revealed 30,000 grams of "spice," as well as smoking devices, scales, grinders and other drug paraphernalia. A total of $11,845.45 in United States currency was found in the store and is reasonably believed to be proceeds of drug trafficking. Additionally, a Toyota RAV4 registered to Claimant, the title of which was located at Discount Tobacco's business premises, was seized by the Jacksonville Police Department as property believed to be proceeds of drug trafficking or used to facilitate drug trafficking in violation of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.*" (Compl. at 3.) The government's complaint contains sufficiently detailed facts to support a reasonable belief that the government will be able to prove by a preponderance of the evidence that the Defendant Property is subject to forfeiture. Accordingly, the government has adequately stated a claim for forfeiture of the Defendant Property.

## II.   Motion to Compel

The government has filed a motion to compel Claimant to respond to its first set of discovery requests. The government states that it served the first set of discovery requests on three separate occasions: May 29, 2014, April 8, 2015, and May 18, 2015. Claimant has not responded to any of the requests.

Rule 37 of the Federal Rules of Civil Procedure provides for motions to compel disclosures and discovery responses. Fed. R. Civ. P. 37(a)(3)(A), (a)(3)(B). A motion to compel

must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

The government states that it previously communicated with Claimant's attorney concerning cooperation in answering discovery. Claimant's attorney subsequently withdrew from the case, and the government reached out to Claimant two more times to secure answers to discovery. The government has therefore shown a good faith effort to confer with Claimant concerning the government's discovery requests. There appearing no basis for Claimant's failure to respond, the government's motion to compel is granted. Claimant is ordered to respond to the government's first set of discovery requests by February 9, 2016.

### III.   Motion for Extension of Time to Conduct Discovery

The government has requested an additional 90 days in order to conduct discovery. The government states that this time will allow it to obtain answers to is first set of discovery requests, as well as to conduct any necessary depositions. Good cause having been shown for the government's request, the government's motion is granted and the discovery deadline is extended to April 4, 2016.

### CONCLUSION

For the foregoing reasons, it is RECOMMENDED that Claimant's motion to dismiss [DE #37] be DENIED. The government's motion to compel [DE #38] is GRANTED, and Claimant is ORDERED to respond to the government's first set of discovery requests by **February 9, 2016**. Additionally, the government's motion to extend the discovery deadline [DE #39] is GRANTED, and the discovery period is extended to April 4, 2016.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Claimant and the government, both of whom are advised as follows:

You shall have until **January 22, 2016**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 5th day of January 2016.

KIMBERLY A. SWANK
United States Magistrate Judge