IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:14-CV-21-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAHMASH'S PERSONAL | ) | ORDER |
| PROPERTY, *specifically described as* | ) | |
| A 2011 TOYOTA RAV4, *VIN:* | ) | |
| *2T3BF4DV7BW131686*, and $11,845.45 | ) | |
| in U.S. Currency, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on claimant Mohammed Ahmed Ahmed Dahmash's motion to dismiss the complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted, made pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6). (DE 37). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Kimberly A. Swank entered a memorandum and recommendation ("M&R") (DE 46), wherein it is recommended that claimant's motion be denied. Claimant timely filed objections and the government has responded in opposition. The issues raised are ripe for ruling. For the reasons stated more specifically below, the court adopts the M&R as its own and denies claimant's motion to dismiss.

## STATEMENT OF THE CASE

The government brought suit in rem against the defendant property on January 24, 2014, pursuant to 21 U.S.C. § 881, to enforce Title II of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq. The government alleges that the defendant property was "furnished or intended to be furnished . . . in exchange for a controlled substance"; represents "proceeds traceable to such an exchange"; or was "used or intended to be used to facilitate a[] violation of [the Controlled Substances Act]." 21 U.S.C. § 881(a)(6).

On March 12, 2014, claimant, then represented by counsel, filed a claim and answer pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. On July 14, 2015, claimant, proceeding pro se, filed the instant motion to dismiss. Claimant suggests that this court lacks subject matter jurisdiction over this forfeiture case and personal jurisdiction over him. In addition, claimant suggests that venue may not be laid in this district and, further, that the government has failed to state a claim under 21 U.S.C. § 881. Claimant's motion was referred for M&R on August 26, 2015. M&R entered on January 5, 2016. Therein, the magistrate judge recommends the court deny claimant's motion. Claimant's timely objections followed on February 19, 2016.

## STATEMENT OF THE FACTS

The complaint, which incorporates by reference the affidavit of Drug Enforcement Agency Special Agent Harold W. Jordan ("Jordan Affidavit," DE 1-1), when considered in the light most favorable to the government, may be summarized as follows. On September 20, 2011, the Jacksonville, North Carolina, Police Department ("JPD") seized the defendant property in connection with a consensual search of claimant's business, Discount Tobacco, located in

2

Jacksonville. After receiving a tip that claimant was trafficking in synthetic cannabinoids (commonly known as "spice"), JPD arrived at claimant's business and observed a large quantity of spice on display and available for sale. JPD notified claimant that spice was illegal under North Carolina law and requested consent to search his business. Claimant gave both written and verbal consent.

The search produced over 30,000 grams of spice, as well as a significant quantity of drug paraphernalia and defendant $11,845.45. JPD seized the spice, paraphernalia, and currency. During the search, JPD also found a cancelled check evidencing claimant's recent purchase of defendant 2011 Toyota RAV4, as well as the vehicle's title. The vehicle was seized upon the belief it represented proceeds derived from the sale of spice. Following the seizure, claimant was arrested by JPD and charged with a number of crimes under North Carolina law.

## COURT'S DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

3

B. Analysis

The court construes claimant's pro se objections liberally. Nevertheless, upon de novo review of the issues raised by his objections, the court finds claimant's arguments unconvincing.[1]

1. Subject Matter Jurisdiction

Claimant first objects to the M&R's recommendation that his motion be denied inasmuch as it challenges the court's subject matter jurisdiction. A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). The government has proved subject matter jurisdiction. Pursuant to 28 U.S.C. § 1355(a), this court has "original jurisdiction . . . of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress." 28 U.S.C. § 1355(a). Thus, where the government asserts forfeiture under 21 U.S.C. § 881, this court has subject matter jurisdiction over the case.

2. Personal Jurisdiction

Claimant next objects to the M&R's recommendation that his motion be denied inasmuch as he contends that the court lacks personal jurisdiction. "When a district court considers a question of personal jurisdiction based on the contents of a complaint and supporting affidavits, the plaintiff has the burden of making a prima facie showing in support of its assertion of jurisdiction." Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014).

---

[1] Although the court construes claimant's motion and objections liberally, certain aspects of claimant's argument are beyond the scope of the instant proceeding and, thus, are left unaddressed. For example, claimant repeatedly attacks the soundness of his North Carolina conviction and the performance of his trial attorney. These issues are not properly presented in the context of claimant's motion.

4

The government has proved jurisdiction over the defendant property. Claimant challenges the court's in personam jurisdiction. (See Motion, DE 37, at 11) ("This court's record will show that the Aggrieved party has never made a voluntary general appearance or admitted to this court's claim of jurisdiction."). However, jurisdiction over claimant is unnecessary; the government brought this forfeiture proceeding against the defendant property in rem. See United States v. Ursey, 518 U.S. 267, 288–89 (1996). This court may exercise jurisdiction in rem as long as the property is located in this district. See Porsche Cars N. Am., Inc. v. Porsche.net, 302 F.3d 248, 256 (4th Cir. 2002); see also 28 U.S.C. § 1355(b)(1). Here, the complaint alleges that the defendant property is located in Jacksonville, a city in this district. In addition, the United States Marshal Service for this district has taken and maintains possession of the defendant property. (See DE 4 (arrest warrant); DE 5 (evidencing arrest)). Accordingly, the court holds that it may exercise in rem jurisdiction over the defendant property. Claimant's suggestion that the court must have in personam jurisdiction is without merit.

3. Venue

Claimant next suggests that venue cannot be laid in this district. However "[a] civil proceeding for the forfeiture of property may be prosecuted in any district where such property is found." 28 U.S.C. § 1395(b). As described above, the defendant property originally was located and later was arrested in this district. Thus, venue properly lies in this district.

4. Failure to State a Claim

Claimant finally suggests that the court should dismiss this case for failure to state a claim, where the defendant property is not subject to forfeiture. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the

merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); see also Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir.1999). A complaint states a claim under 12(b)(6) if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Claimant's argument invokes two related considerations. First, claimant suggests that a federal forfeiture is inappropriate, where the defendant property was seized by JPD, a local law enforcement agency. Second, claimant suggests that, even assuming federal forfeiture is appropriate, the defendant property is not subject to forfeiture where he was charged with a crime under state law only. The court addresses each argument in turn.

Claimant first contends that the defendant property is not subject to federal forfeiture, where it was seized by JPD. Pursuant to 21 U.S.C. § 881(a), all controlled substances, as well as moneys and proceeds traceable to controlled substances, are subject to forfeiture "and no property right shall exist in them." 21 U.S.C. § 881(a). Thus the statute does not impose any limitation on the government's ability to seek forfeiture of money exchanged for controlled substances, or the proceeds of transactions involving controlled substances, related to the jurisdiction of the seizing agency. Moreover, cooperative law enforcement is specifically contemplated by § 881(e), which allows the proceeds from forfeited property to be shared with "any State or local law enforcement agency which participated directly in the seizure or forfeiture of the property." § 881(e)(1)(B). Finally, federal authorities permissibly may, and frequently do, "adopt" seizures carried out by local

6

law enforcement agencies, such as JPD. See United States v. Winston-Salem/Forsyth Cty. Bd of Educ., 902 F.2d 267, 271–72 (4th Cir. 1990). Accordingly, the fact that the defendant property was seized by a local law enforcement agency has no bearing on its forfeitability.

Claimant next contends that the defendant property is not subject to forfeiture under the Controlled Substances Act, where he was criminally charged under North Carolina law only. However, § 881 does not require forfeiture actions be preceded by any criminal charge or conviction, much less a charge or conviction under federal law. See § 881. Rather, property is subject to civil forfeiture where it was "furnished or intended to be furnished . . . in exchange for a controlled substance"; represents "proceeds traceable to such an exchange"; or was "used or intended to be used to facilitate any violation of [the Controlled Substances Act]." § 881(a)(6). Thus, the complaint and Jordan Affidavit satisfy the government's pleading obligations. Read together those documents plausibly allege that spice is a controlled substance listed in Schedule I of the Controlled Substances Act; defendant $11,845.45 was found in claimant's place of business and is reasonably believed to be money exchanged for spice; and defendant 2011 Toyota RAV4 is reasonably believed to be the proceeds of transactions involving spice.

In sum, claimant's motion to dismiss for failure to state a claim must be denied. The fact that the defendant property was seized by local law enforcement is of no moment and does not affect the forfeitability of the defendant property. In addition, the fact that claimant was charged only under state law does not affect the forfeitability of the defendant property.

## CONCLUSION

Based on the foregoing, upon <u>de</u> <u>novo</u> review of those portions of the M&R to which specific objections were made, and considered review of the remainder thereof, the court ADOPTS the M&R as its own and DENIES claimant's motion to dismiss.

SO ORDERED, this the <u>14th</u> day of March, 2016.

*[signature]*
LOUISE W. FLANAGAN
United States District Judge